IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM A. "SPOOK" SPANN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:14-cv-01267 |
| ED CARTER, et al., | ) Judge Sharp |
| Defendants. | ) |

# MEMORANDUM AND ORDER

Pending before the Court is Defendant Thomas Southerland's Second Motion for Attorney Fees, (Docket No. 70), to which Plaintiff William "Spook" Spann has filed a Response in Opposition, (Docket No. 72). For the reasons set forth herein, Defendant Southerland's Motion will be denied.

On June 5, 2014, Plaintiff Spann sued under 42 U.S.C. § 1983 seeking a judgment against Defendant Southerland and others for allegedly having violated Plaintiff Spann's rights under the Fourth, Fifth, and Fourteenth Amendments. Plaintiff Spann alleged that:

> Defendant Southerland, at the direction of, and under the supervision of, the TWRA [Tennessee Wildlife Resource Agency] and the named TWRA agents and officers acting in their individual capacities while under the color of state law named as Defendants . . . put out feed, baited fields, put illegal surveillance cameras on [Plaintiff Spann's] property and provided false testimony and evidence against [Plaintiff Spann] in the United States District Court of Kansas at Kansas City in the case styled *USA v. William Spann*, case number 12-20114, on June 27, 2013.

(Docket No. 21-1, Am. Compl. at 2-3, ¶ 7). On July 17, 2015, the Court granted, *inter alia*, Defendant Southerland's Motion to Dismiss after finding that, because the state actor defendants had not violated Plaintiff Spann's Fourth Amendment right, there was "no unlawful 'concerted

1

activity' in which Defendant Southerland [a private actor] could have engaged." (Docket No. 60 at 22). The Clerk of the Court entered judgment, (Docket No. 62), and Defendant Southerland then filed his First Motion for Attorney Fees, (Docket No. 64), which the Court denied without prejudice to refiling after the Sixth Circuit issued its mandate, (Docket No. 67), in Plaintiff Spann's appeal, (Docket No. 63).

For a second time, Defendant Southerland moves this Court for attorney's fees pursuant to 42 U.S.C. § 1988 and Local Rule 54.01(b). (Docket No. 70). 42 U.S.C. § 1988(b) authorizes this Court, in its discretion, to award a reasonable attorney's fee to a prevailing party in a § 1983 suit. With respect to awarding attorney's fees to a prevailing defendant, the Sixth Circuit has stated:

> The Supreme Court has held that "while prevailing plaintiffs are entitled to attorneys fees under [42 U.S.C. § 1988] in all but special circumstances, prevailing defendants are entitled to attorneys fees much less frequently." Smith v. Smythe–Cramer Co., 754 F.2d 180, 182 (6th Cir. 1985) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 417–18, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)), cert. denied, 473 U.S. 906, 105 S.Ct. 3530, 87 L.Ed.2d 654 (1985). "[A] prevailing *defendant* should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Wayne v. Village of Sebring, 36 F.3d 517, 530 (6th Cir. 1994) (internal quotation omitted), cert. denied, 514 U.S. 1127, 115 S.Ct. 2000, 131 L.Ed.2d 1001 (1995). "Application of these standards requires inquiry into the plaintiffs' basis for bringing suit." Smith, 754 F.2d at 183. The Supreme Court has noted, however, that "[i]n applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421–22, 98 S.Ct. 694.

Wolfe v. Perry, 412 F.3d 707, 720 (6th Cir. 2005). "[A]warding attorney fees against a nonprevailing plaintiff in a civil rights action is 'an extreme sanction, and must be limited to truly egregious cases of misconduct.'" Garner v. Cuyahoga Cty. Juvenile Court, 554 F.3d 624, 635 (6th Cir. 2009) (quoting Jones v. Cont'l Corp., 789 F.2d 1225, 1232 (6th Cir. 1986).

2

Defendant Southerland cites authorities from outside the Sixth Circuit to support his contention that he is entitled to an award of attorney's fees because Plaintiff Spann's allegations against him were backed only with "conjecture and speculation" and were "factual[ly] [and] legal[ly] infirm[]" given the probation-violation ruling in the United States District Court of Kansas. See Hutchinson v. Staton, 994 F.2d 1076, 1080 (4th Cir. 1993); McCabe v. City of Chicago, 593 F. Supp. 665, 668 (N.D. Ill. 1984). Furthermore, Defendant Southerland argues that he is entitled to attorney's fees in Plaintiff Spann's appeal of this Court's decision to grant Defendants' Motions to Dismiss because the result of the appeal was "obvious" or Plaintiff Spann's "arguments of error [were] wholly without merit." See Legal Servs. of N. California, Inc. v. Arnett, 114 F.3d 135, 141 (9th Cir. 1997).

Plaintiff Spann argues that Defendant Southerland should not be awarded attorney's fees because Plaintiff Spann had a "colorable claim." See Kaimowitz v. Howard, 547 F. Supp. 1345, 1349 (E.D. Mich. 1982), aff'd, 751 F.2d 385 (6th Cir. 1984). He further argues that, because his "allegations received [this Court's] careful consideration, they cannot be labelled frivolous." See id.

Even though it is a close call, the Court does not find that Plaintiff Spann's claim against Defendant Southerland was frivolous, unreasonable, or without foundation. Neither does the Court find that Plaintiff Spann's actions in litigating this case rise to the level of "truly egregious" misconduct, warranting the extreme sanction of paying Defendant Southerland's attorney's fees.

As already mentioned, because the Court found that the state actor defendants did not violate Plaintiff Spann's Fourth Amendment right, it was unnecessary for the Court to consider Defendant Southerland's level of participation in the alleged unreasonable search – through

surveillance – of Plaintiff Spann's farms.  The relevant inquiry for Plaintiff Spann's § 1983/ Fourth Amendment claim against Defendant Southerland would have been whether Defendant Southerland took part in placing cameras on Plaintiff Spann's property at the encouragement of the TWRA agents and with the intent to assist them.  See United States v. Lambert, 771 F.2d 83, 89 (6th Cir. 1985).  Defendant Southerland argues that, at the probation-violation hearing in the United States District Court for the District of Kansas, Magistrate Judge O'Hara made specific findings as to Defendant Southerland's involvement, which should have alerted Plaintiff Spann that his § 1983 claim against Defendant Southerland was without foundation.  In Magistrate Judge O'Hara's memorandum and order, he found that "[a]s part of their investigation, TWRA and USFWS agents placed numerous surveillance cameras on three parcels of land which Mr. Spann owned or at least had rights of access to for hunting purposes."  (Docket No. 49-2 at 6-7). Notably, Magistrate Judge O'Hara did not address whether Defendant Southerland, specifically, played some role in setting up surveillance cameras.

In light of other documents, Defendant Southerland argues that Plaintiff Spann should have known that his claim was baseless.  For example, in Defendant Southerland's Response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, Defendant Southerland states, "I performed no surveillance."  (Docket No. 70-3 at 5, ¶ 16).  With that Response, Defendant Southerland included declarations from most of the TWRA agents named as defendants and from an agent of the U.S. Fish and Wildlife Service stating that Defendant Southerland had neither been told about nor participated in the placement of the surveillance cameras on Plaintiff Spann's property.  (Docket No. 70-3 at 10-19).  However, the Court does not give much weight to Defendant Southerland's argument considering that he provided Plaintiff Spann with those documents on April 27, 2015, only after Defendant Southerland had

4

filed his Second Motion to Dismiss on March 20, 2015, (Docket No. 48), and after Plaintiff Spann had responded to that motion on April 14, 2015, (Docket No. 55).

With respect to Plaintiff Spann's appeal, the Sixth Circuit wrote that "[Plaintiff Spann] has failed to allege how the 'private farms' he uses for hunting are any different from other open fields that fall outside the Fourth Amendment's protection." William A. Spann v. Ed Carter, et al., No. 15-5894 (6th Cir. May 17, 2016). It held that "Spann therefore failed to state a plausible claim that the defendants violated his Fourth Amendment rights." Id.

Litigants are entitled to appeal certain decisions of this Court. As such, Plaintiff Spann was within his prerogative to file an appeal, and this Court does not find that his appeal warrants assessing attorney's fees against him.

Accordingly, Defendant Southerland's Second Motion for Attorney Fees, (Docket No. 70), is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE